Cite as 2022 Ark. 181

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CIVIL PRACTICE – ADOPTION OF REVISED RULE 5 OF THE ARKANSAS RULES OF CIVIL PROCEDURE | **Opinion Delivered:** October 6, 2022 |

**PER CURIAM**

The Supreme Court Committee on Civil Practice recommended amendment to Rule 5 of the Arkansas Rules of Civil Procedure. See the Reporter's Note, 2022 Amendment, for an explanation of the amendments. Today, we adopt and republish the rule as set out below, effective November 1, 2022.

**Rule 5. Service and Filing of Pleadings and Other Papers.**

(a) *Service: When Required.* Except as otherwise provided in these rules, every pleading and every other paper, including all written communications with the court, filed subsequent to the complaint, except one which may be heard ex parte, shall be served upon each of the parties, unless the court] orders otherwise because of numerous parties. No service need be made upon parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served in the manner provided for service of summons in Rule 4. Any pleading asserting new or additional claims for relief against any party who has appeared shall be served in accordance with subdivision (b) of this rule.

In an action begun by seizure of property, in which no person need be or is named as defendant, any service required to be made prior to the filing of an answer, claim or appearance shall be made upon the person having custody or possession of the property at the time of its seizure.

(b) *Service: How Made.*

(1) Whenever under this rule or any statute service is required or permitted to be made upon a party represented by an attorney, the service shall be upon the attorney, except that service shall be upon the party if the court so orders or the action is one in which a final judgment has been entered and the court has continuing jurisdiction.

(2) Except as provided in paragraph (3) of this subdivision, service upon the attorney or upon the party shall be made by delivering a copy to him or by sending it to him by regular mail or commercial delivery company at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy for purposes of this paragraph means handing it to the attorney or to the party; by leaving it at his office with his clerk or other person in charge thereof; or, if the office is closed or the person has no office, leaving it at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age. Service by mail is presumptively complete upon mailing, and service by commercial delivery company is presumptively complete upon depositing the papers with the company. When service is permitted upon an attorney, such service may be effected by electronic transmission, including e-mail, provided that the attorney being served has facilities within his or her office to receive and reproduce verbatim electronic transmissions. Service is complete upon transmission but is not effective if it does not reach the person to be served. Service by a commercial delivery company shall not be valid unless the company: (A) maintains permanent records of actual delivery, and (B) has been approved by the circuit court in which the action is filed or in the county where service is to be made.

(3) If a final judgment or decree has been entered and the court has continuing jurisdiction, service upon a party by mail or commercial delivery company shall comply with the requirements of Rule 4(G)(1) and (2), respectively.

(c) *Filing.* (1) All papers after the complaint required to be served upon a party or his attorney shall be filed with the clerk of the court either before service or within a reasonable time thereafter. The clerk shall note the date and time of filing thereon. However, proposed findings of fact, proposed conclusions of law, trial briefs, proposed jury instructions, and responses thereto may but need not be filed unless ordered by the court. Depositions, interrogatories, requests for production or inspection, and answers and responses thereto shall not be filed unless ordered by the court. When such discovery documents are relevant to a motion, they or the relevant portions thereof shall be submitted with the motion and attached as an exhibit unless such documents have already been filed. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in the proper form. In counties where the county clerk serves as the ex officio clerk of any division of the circuit court, the filing requirement for any pleading, paper, order,

judgment, decree, or notice of appeal shall be satisfied when the document is filed with either the circuit clerk or the county clerk.

(2) Confidential information as defined and described in Sections III(A)(11) and VII(A) of Administrative Order 19 shall not be included as part of a case record unless the confidential information is necessary and relevant to the case. Section III(A)(2) of the Administrative Order defines a case record as any document, information, data, or other item created, collected, received, or maintained by a court, court agency or clerk of court in connection with a judicial proceeding. If including confidential information in a case record is necessary and relevant to the case:

(A) The confidential information shall be redacted from the case record to which public access is granted pursuant to Section IV(A) of Administrative Order 19. The point in the case record at which the redaction is made shall be indicated by striking through the redacted material with an opaque black mark or by inserting some explanatory notation in brackets, such as: [Information Redacted], [I.R.], [Confidential], or [Subject To Protective Order]. If an entire document is redacted, then the name of the document (with the number of pages redacted specified) should be noted in the publicly available court file and the entire document should be filed under seal. The requirement that the redaction be indicated in case records shall not apply to court records rendered confidential by expungement or other legal authority that expressly prohibits disclosure of the existence of a record; and

(B) An un-redacted copy of the case record with the confidential information included shall be filed with the court under seal. The un-redacted copy of the case record shall be retained by the court as part of the court record of the case. It is the responsibility of the attorney for a party represented by counsel and the responsibility of a party unrepresented by counsel to ensure that confidential information is omitted or redacted from all case records that they submit to a court. It is the responsibility of the court, court agency, or clerk of court to ensure that confidential information is omitted or redacted from all case records, including orders, judgments, and decrees, that they create.

(3) If the clerk's office has a facsimile machine, the clerk shall accept facsimile transmissions of any paper filed under this rule and may charge a fee of $1.00 per page. Any signature appearing on a facsimile copy shall be presumed authentic until proven otherwise. The clerk shall stamp or otherwise mark a facsimile copy as filed on the date and time that it is received on the clerk's facsimile machine during the regular hours of the clerk's office or, if received outside those hours, at the time the office opens on the next business day.

(d) *Filing with the Judge*. The judge may permit papers or pleadings to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk. If the judge permits filing by facsimile transmission, the provisions of subdivision (c)(2) of this rule shall apply.

(e) *Proof of Service*. Every pleading, paper or other document required by this rule to be served upon a party or his attorney, shall contain a statement by the party or attorney filing same that a copy thereof has been served in accordance with this rule, stating therein the date and method of service and, if by mail, the name and address of each person served.

**Reporter's Note, 2022 Amendment:** Subdivision 5(b)(3) is amended to reflect the 2019 amendment to Rule 4. The reference to prior Ark. R. Civ. P. 4(d)(A) and (b) is amended to refer to the current sections of Rule 4 governing service by mail and commercial delivery service.